IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| DON WOJTOWICZ,<br>Institutional ID No. 152303, | § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 5:19-CV-150-BQ |
| v. | § § | |
| LUBBOCK COUNTY DETENTION<br>CENTER, *et al.*, | § § § | |
| Defendants. | § § | |

**FINDINGS, CONCLUSIONS, AND**
**RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Proceeding pro se and *in forma pauperis*, Don Wojtowicz filed this action under 42 U.S.C. § 1983 alleging Doe Defendants asked him questions related to his health, in earshot of other inmates and staff, during booking and detention at the Lubbock County Detention Center (LCDC). Am. Compl. 3–4, ECF No. 27. Wojtowicz asserts their actions violated the Health Insurance Portability and Accountability Act of 1996 (HIPAA) and, as a result, he seeks monetary damages and injunctive relief. *Id.* at 3–4.

Wojtowicz filed his original Complaint on July 31, 2019, and the United States District Judge transferred this case to the undersigned United States Magistrate Judge for further proceedings. ECF Nos. 1, 12. The undersigned thereafter reviewed Wojtowicz's Amended Complaint, as well as authenticated records provided by Lubbock County, and conducted an evidentiary hearing on December 12, 2019, in accordance with *Spears v. McCotter*, 766 F.2d 179, 181–82 (5th Cir. 1985). ECF No. 24.

Not all parties have consented to proceed before the undersigned magistrate judge. In accordance with the order of transfer, the undersigned makes the following findings and

1

conclusions and recommends that this action be dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

## I.    Standard of Review

A court must dismiss a complaint filed *in forma pauperis* by a prisoner against a government entity or employee if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) (2017); *see also* § 1915A(b) (applying section to any suit by a prisoner against certain governmental entities, regardless of whether the prisoner is proceeding *in forma pauperis*). A frivolous complaint lacks any arguable basis, either in fact or in law, for the wrong alleged. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint has no arguable basis in fact if it rests upon clearly fanciful or baseless factual contentions, and similarly lacks an arguable basis in law if it embraces indisputably meritless legal theories. *See id.* at 327; *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). When analyzing a prisoner's complaint, the court may consider reliable evidence such as the plaintiff's allegations, responses to a questionnaire, and authenticated prison records. *See Wilson v. Barrientos*, 926 F.2d 480, 483–84 (5th Cir. 1991); *see also Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (explaining that responses to a questionnaire are incorporated into the plaintiff's pleadings); *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995) (holding that courts may dismiss prisoners' *in forma pauperis* claims as frivolous based on "medical and other prison records if they are adequately identified or authenticated" (internal quotations omitted)).

In evaluating the sufficiency of a complaint, courts accept well-pleaded factual allegations as true, but do not credit conclusory allegations or assertions that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). And while courts

hold pro se plaintiffs to a more lenient standard than lawyers when analyzing complaints, such plaintiffs must nevertheless plead factual allegations that raise the right to relief above a speculative level. *Id.* (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)).

## II.  Discussion

### A.  Wojtowicz's Claims

In his Amended Complaint, Wojtowicz names as Defendants LCDC, "STAR" mental health technicians, and LCDC jailors and medical staff. Am. Compl. 3. At the *Spears* hearing, Wojtowicz explained that he could not provide the names or identifying information of the individuals he intends to sue because they did not wear name badges. Tr. 1:46:50–:49:10. Wojtowicz alleges that he was booked into LCDC on March 28, 2019, and during that process, medical professionals asked him questions about his health. Am. Compl. 4; Tr. 1:49:16–:50:07. He claims that personnel asked the questions "in the open in front of inmates, in front of jailors." Am. Compl. 4; *see* Tr. 1:49:43–:50:07. Wojtowicz similarly asserts that during his detention at LCDC (between March and September 2019), mental health clinicians and medical staff asked him personal health questions in front of other inmates and LCDC officers in violation of HIPAA. Tr. 1:50:09–51:49.

### B.  Wojtowicz cannot state a cognizable constitutional claim based on the Doe Defendants' alleged HIPAA violations.

Wojtowicz's sole allegation is based on the Doe Defendants' purported violations of HIPAA.[1] The Fifth Circuit has held, however, that "there is no private cause of action under HIPAA and therefore no federal subject matter jurisdiction over [a private individual's] asserted

---

[1] At the *Spears* hearing, the Court asked Wojtowicz whether he alleged any specific constitutional violation stemming from the claimed conduct. Wojtowicz merely responded that it violated his right to privacy. Tr. 1:55:38–:56:28. "Loss of freedom of choice and privacy are inherent incidents of confinement" in jail. *Bell v. Wolfish*, 441 U.S. 520, 537 (1979).

3

[HIPAA] claims." *Acara v. Banks*, 470 F.3d 569, 572 (5th Cir. 2006) (per curiam); *Adams v. Eureka Fire Prot. Dist.*, 352 F. App'x 137, 139 (8th Cir. 2009) (per curiam) ("Since HIPAA does not create a private right, it cannot be privately enforced either via § 1983 or through an implied right of action."). Because Wojtowicz cannot state a viable § 1983 claim based on the alleged HIPAA violations, the District Court should dismiss his claim. *See, e.g., Clinton v. Nurse Elizabeth*, No. 3:17-cv-2109-D-BN (N.D. Tex. Aug. 11, 2017) (Horan, J.) (recommending dismissal of detainee's HIPAA claim); *Evans v. Brisolara*, Civil Action No. 1:09CV485–RHW, 2010 WL 1257862, at *2 (S.D. Miss. Mar. 26, 2010) (dismissing prisoner's HIPAA claims "because HIPAA regulations do not create a private cause of action").

### III.   Recommendation

For these reasons, the undersigned recommends that the United States District Court dismiss Wojtowicz's Amended Complaint and all claims therein with prejudice in accordance with 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

### IV.   Right to Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual

findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: February 21, 2020.

*[signature]*
D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE